# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

JAMES THIESSEN, as personal representative )
of the estate of JERRY RAY GARCIA,                    )
                                                                        )
           Plaintiff,                                             )
                                                                        )
v.                                                                     )           Case No. CIV-26-542-SLP
                                                                        )
CITY OF ELK CITY, OKLAHOMA, et al.,          )
                                                                        )
           Defendants.                                        )

## **O R D E R**

Before the Court is Defendants Vandeburgh's, Nelson's, and Holland's Motion to Dismiss, or Alternatively, Motion to Quash Service of Process and Brief in Support [Doc. No. 11]. Plaintiff filed a response, *see* [Doc. No. 13], and Defendants Vandeburgh and Nelson replied, *see* [Doc. No. 15]. For the reasons that follow, the Motion is GRANTED IN PART and DENIED IN PART.

Defendants Josh Vandeburgh (Vandeburgh), Logan Nelson (Nelson), and Eddie Holland (Holland) move, pursuant to Fed. R. Civ. P. 12(b)(5), to dismiss the claims against them for insufficient service of process, or alternatively to quash the improper service.

A Rule 12(b)(5) motion challenges the plaintiff's mode or method of serving process on the objecting party. *See Craig v. City of Hobart*, No. CIV-09-0053-C, 2010 WL 680857, at *1 (W.D. Okla. Feb. 24, 2010) (citation omitted). "In [their] motions, letters, and supporting briefs, Plaintiff need only make a prima facie showing that service was proper under Rule 4." *Cumby v. SSM Health*, No. CIV-25-255-R, 2025 WL 2701508, at *2 (W.D. Okla. Sept. 22, 2025) (citations omitted). However, the plaintiff bears the burden of

showing compliance with all statutory and due process requirements.  *Craig*, 2010 WL 680857, at *1 (citing *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1260 (D. Kan. 2008)).

The parties represent that Defendant Holland was served with summons and Plaintiff's original Complaint on or around April 30, 2026.  *See* Resp. [Doc. No. 13] at 1-2; Reply [Doc. No. 15] at 1, n. 1.  Defendant Holland does not challenge the sufficiency of the April 30, 2026 service.  *See* Reply [Doc. No. 15] at 1, n. 1.  The Court finds the Motion, as to Defendant Holland, is moot in light of the sufficient service.

In his response brief, Plaintiff makes no arguments as to the validity of the prior service attempt.  Furthermore, the Court finds Plaintiff concedes he has yet to properly serve Defendants Vandeburgh and Nelson.  *See* Resp. [Doc. No. 13] at 2.  Plaintiff has not shown his prior attempt at service of Defendants Vandeburgh and Nelson complied with the Federal Rules of Civil Procedure and relevant state law. However, Plaintiff's deadline to serve Defendants Vandeburgh and Nelson has not yet run, and the Court finds that proper service upon such Defendants can still be accomplished.  "[W]hen a court finds that service is insufficient but curable, it generally should quash the service and give the plaintiff an opportunity to re-serve the defendant" rather than dismiss the action.  *Pell v. Azar Nut Co.*, 711 F.2d 949, 950, n.2 (10th Cir. 1983).  Accordingly, the Court finds that quashing the prior service attempt on Defendants Vandeburgh and Nelson is proper.

Plaintiff requests an extension of time to serve Defendants Vandeburgh and Nelson in his response brief.  *See* Resp. [Doc. No. 13] at 2.  Asking for such relief in a response brief is procedurally improper.  See Fed. R. Civ. P. 7(b)(1); LCvR7.1(c) ("A response to a motion may not also include a motion . . . made by the responding party.").  Should Plaintiff

require additional time to serve Defendants Vandeburgh and Nelson, he may do so in a separate motion which complies with the Federal Rules of Civil Procedure and the Court's Local Rules.

IT IS THERFORE ORDERED that Defendants Vandeburgh, Nelson, and Holland's Motion to Dismiss, or Alternatively, Motion to Quash Service of Process and Brief in Support [Doc. No. 11] is GRANTED IN PART and DENIED IN PART. Plaintiff's initial service attempt of Defendants Vandeburgh and Nelson is QUASHED. The Motion is DENIED as MOOT as to Defendant Holland.

IT IS SO ORDERED this 1st day of June, 2026.

**SCOTT L. PALK**
**CHIEF UNITED STATES DISTRICT JUDGE**