## THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

JAMES THIESSEN, as personal representative )
of the estate of JERRY RAY GARCIA,          )
                                            )
            Plaintiff,                      )
                                            )
v.                                          )        Case No. CIV-26-542-SLP
                                            )
CITY OF ELK CITY, OKLAHOMA, et al.,         )
                                            )
            Defendants.                     )

## **O R D E R**

On June 17, 2026, the Court entered an Order [Doc. No. 28] directing Plaintiff to show cause no later than July 1, 2026, why this action should not be dismissed without prejudice as to Defendants John Does 1-10 for failure to effect timely service of process pursuant to Fed. R. Civ. P. 4(m).[1]  As of this date, Plaintiff has not responded to the show cause order, nor has he requested an extension of time within which to do so.  Accordingly, the claims against John Does 1-10 are subject to dismissal without prejudice for failure to effect timely service of process, and for failure to comply with the Federal Rules of Civil Procedure and this Court's Order.  *See* Fed. R. Civ. P. 41(b); *Nasious v. Two Unknown B.I.C.E. Agents at Arapahoe Cty. Justice Ctr.*, 492 F.3d 1158, 1161 n. 2 (10th Cir. 2007) (sua sponte dismissal permitted where a plaintiff fails to comply with the rules of civil procedure or the court's orders).

---

[1] Plaintiff filed his Complaint [Doc. No. 1] on March 18, 2026.  Therefore, his 90-day period to effect service expired on June 16, 2026.  Fed. R. Civ. P. 4(m).

Because Plaintiff has failed to respond to the Court's Order to Show Cause, he has failed to demonstrate good cause exists for granting a mandatory extension of the 90-day time period set forth in Rule 4(m) within which to serve Defendant. *See Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995). The Court must further consider whether a permissive extension of time is warranted. *See id.; see also Murphy v. City of Tulsa*, 556 F. App'x 664, 666-69 (10th Cir. 2014). Factors for the Court to consider include whether the statute of limitations would bar the plaintiff from refiling the action, whether the plaintiff has unsuccessfully attempted to serve the United States, and whether the delay in service relates to the plaintiff's pro se status or confusion or delay in obtaining permission to proceed in forma pauperis. *See Espinoza*, 52 F.3d at 842 & n. 8.

Here, none of these factors are availing. Although the specific claims Plaintiff intends to assert against the John Doe Defendants are unclear, the events giving rise to the complaint occurred less than two years ago, on August 2, 2024. *See* Am. Compl. [Doc. No. 12] at 1. Thus, it appears that none of the claims alleged would be time-barred upon re-filing. Even if one or more of Plaintiff's claims were time-barred, that factor alone is not dispositive. *See Gumm v. Fed. Bureau of Prisons*, No. CIV-06-866-R, 2007 WL 3312785, at *3 (W.D. Okla. Nov. 6, 2007) ("[T]he mere fact that the applicable limitations period has run does not make dismissal inappropriate."); *Valdez v. Chuwanti*, No. 122CV00003KWRJHR, 2022 WL 17093445, at *3 (D.N.M. Nov. 21, 2022) ("[T]he mere possibility of a statute of limitations bar does not establish good cause for failure to timely serve and does not preclude the Court from exercising its discretion to dismiss a case.");

*Despain*, 13 F.3d at 1439 ("The fact that the statute of limitations has run, however, does not demonstrate good cause and does not make dismissal under Rule 4(j) inappropriate.").

The other *Espinoza* factors similarly do not weigh in favor of a permissive extension. The United States nor any employees of the United States are named as defendants. Furthermore, Plaintiff is represented by counsel in this matter.

Finally, the Court finds that no sanction less than dismissal is practical under the circumstances. Absent any response from Plaintiff, the Court cannot ascertain whether he still intends to pursue claims against the John Doe Defendants, nor does the record suggest any other sanction would be appropriate. Considering all these factors together, the Court finds dismissal without prejudice is warranted.

IT IS THEREFORE ORDERED that this action is DISMISSED WITHOUT PREJUDICE as to Defendants John Does 1-10 for failure to effect timely service pursuant to Fed. R. Civ. P. 4(m) and pursuant to Rule 41(b) for Plaintiff's failure to respond to the Court's Order to Show Cause.

IT IS SO ORDERED this 2nd day of July, 2026.

_____

**SCOTT L. PALK**
**CHIEF UNITED STATES DISTRICT JUDGE**